## YOUNG *v.* CLARK *et al.**

(Division B.   May 26, 1924.)

[100 So. 180.   No. 24178.]

PRINCIPAL AND AGENT.  *Essentials of bill for specific performance of contract made by undisclosed agent stated.*

> Where a bill is filed to enforce by specific performance a contract made by one person in his own name, as the contract made by an undisclosed agency, the bill must aver the facts of the agency, and specifically state that the agent was authorized by the undisclosed principal to make the contract, and that the contract was made for the benefit or on the account of the principal, or state facts showing ratification or receipt of the fruits of the contract.  The averments should be specific and certain and such as show the relation of principal and agent to exist.

Headnote 1.  Agency, 2 C. J., sections 610, 611.

APPEAL from chancery court of Monroe county.

HON. A. J. McINTYRE, Chancellor.

Bill by Wiley Young against B. T. Clark and others. Judgment of dismissal, and complainant appeals.  Affirmed.

*Wiley H. Clifton,* for appellant.

The scope and purpose of the bill is for specific performance of a contract for sale of land, on which contract the vendee has made the first payment; tendered in money to his vendor the second payment due last fall, and offers with the bill complete performance of his covenants and contract.

The bill was amended by adding after the word agent the word "undisclosed agent for Mrs. Scruggs," and again a demurrer was interposed and sustained by the chancellor on the idea "that Mr. Paine was not shown to have any interest in the land, or any connection with

the title.'' And complainant refusing to amend further, the bill was dismissed. and appeal taken.

This being an executory contract to convey land, good in equity, required no written authority for the agent to make it. *Loddell* v. *Mason,* 71 Miss. 937, 942; *Curtis* v. *Blair,* 26 Miss. 309; *Hopper* v. *McAllem,* 87 Miss. 441.

This contract of sale conveyed *in praesenti* the beneficial interest accompanied by possession in this land to Wiley Young, leaving the legal title in Mrs. Scruggs as trustee for this equity. Upon her death her will cast the legal title on Mr. Paine as trustee. *Carpenter* v. *Douglass,* 104 Miss. 74, 82; *Hiserodt* v. *Hanlet,* 74 Miss. 37, 44; *Hines* v. *Baine,* S. & M. ch. 530; *Stovall* v. *Judah,* 74 Miss. 754-6.

This vested right in Wiley Young reverts back to January 5, 1922, the date of the contract of sale, at which time Mr. Paine acted as the undisclosed agent of Mrs. Scruggs. *Murphy* v. *Hutchinson,* 93 Miss. 643; *Estis* v. *Jones,* 119 Miss. 142, 146.

Whether you treated Mr. Paine as owner of the land under the will, or as undisclosed agent under the amended bill, his connection with the title is abundantly made to appear. In fact it is necessary in order to complete the chain of title as exhibited with the bill.

Complainant's equitable title ought to be quieted by cancellation of the deed to B. T. Clark, and decree a specific performance of this contract for sale of the land by Mrs. Scruggs to complainant. *Gaff* v. *Avent,* 122 Miss. 86.

*Leftwich & Tubb* and *John R. Anderson,* for appellees.

## I.

The contract is so distinctly personal that there is no place for it to open and let in the third party or person, the alleged principal, Mrs. J. H. Scruggs whom Young now undertakes to bind. This court long since

held that a deed to land made by an agent authorized to sell and convey the same, made in the name of the agent for his principal is not a legal deed.  To make a conveyance binding which is executed by an attorney or agent, the contract must be made and signed in the name of the principal.  *Holmes* v. *Carman,* 1 Freeman's Chancery 408, 415.

In other states it has been held that in order to bind the principal in land transactions and make the deed or contract his act, the instrument must on its face purport to be his contract.  *Cleland* v. *Walker,* 46 Am. Dec. 238, and note, citing story on Agency, secs. 147-161; *Robertson* v. *Pope,* 44 Am. Dec. 267, and note, citing 2 Kent's Commentaries (6 Ed.), and many cases; *Sanger* v. *Warren,* 66 Am. St. Rep. 913, and cases cited (Texas).  See, also, 2 Corpus Juris 682, par. 337.

We may concede that it has been established in the state by the case of *Curtis* v. *Blair,* 26 Miss. 309, that an appointment of an agent need not be in writing but that principle inveighs in no way against the doctrine we are asserting that in the conveyance of lands the contract or deed must be executed in the name of the principal and not in the name of the agent; not sufficient that following the agent's name is the word "agent" as *descriptio personae.*

## II.

Suppose we were to concede that generally an undisclosed principal, an unknown principal, may be *bound* by a written contract signed by the agent alone, without mentioning the principal's name, yet this particular contract could not still be enforced as against B. T. Clark.  The rule is stated in 21 R. C. L. 890.

The doctrine of Ruling Case Law is approved by this court in *Phillips* v. *Cornelius,* 28 So. 871.

## III.

The appellant in his bill undertakes to show that when Clark accepted the deed from Mrs. Scruggs that he was charged with notice that Young was in possession of the letter and was exercising acts of ownership. The only notice that could be imputed to Clark from Young's possession was the contract between Young and Paine which Young was in possession of. This contract in no manner bound Mrs. Scruggs, or affected Mrs. Scruggs' rights, whose deed Clark accepted.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Young, filed a bill in chancery court, alleging that he was the owner of certain land therein described, "and deraigns his title as follows: A contract of sale from Mrs. J. H. Scruggs through Capt. George C. Paine, undisclosed agent for Mrs. Scruggs, her agent, a copy of which title bond is hereto attached as an exhibit marked A, and asked to be taken as a part of this bill." The contract, Exhibit A, reads as follows:

"This contract this day entered into by and between George C. Paine and Wiley Young.

"In consideration of eight hundred and fifty dollars to be paid as hereafter set out I obligate and bind myself, my heirs and executors to make Wiley Young a deed to the following described property:

"The West half of the Southeast quarter of section 15, Township 12, Range 7 East, Monroe county, Mississippi, eighty acres, and twenty acres off the west fractional half of the Northeast quarter of section 15, Township 12, Range 7 East, known as the Lusby estate land.

"Wiley Young is to have five years within which to pay for this land, provided he pays six per cent interest on the amount of eight hundred and fifty dollars from this day and pays the interest annually and part of the principal annually and all the annual taxes. In the event he fails to

do either, then this contract is void and terminated at the option of George C. Paine and any money paid shall be held as rent. The deed to be executed as a quitclaim deed. This contract is not assignable by Wiley Young.''

The bill further alleged that Mrs. Scruggs bought this land at a chancery commissioner's sale in a partition proceeding styled "*Mrs. M. A. Perryman et al.* v. *V. O. Lusby*," No. 5674; that the papers in said cause had been mislaid, and could not be found after diligent search; and that the parties to the partition suit were the children and only heirs of John W. Lusby, deceased, who, it is averred, died seized and possessed of the *locus in quo*. It is alleged that in 1894 John W. Lusby and wife executed and delivered to B. T. Clark & Co. a warranty deed to the land in question with other lands, and that John Clark and C. B. Hood, partners, executed on January 26, 1899, a deed to B. T. Clark, conveying their interest in these lands, and that, after these deeds had vested the title in B..T. Clark, Clark made Lusby a deed of gift to the land in question, and delivered, or, verbally, in the execution of the gift, put John W. Lusby in the possession of the same; that Lusby paid the taxes on the land, cut the timber, collected the rents, and claimed adverse ownership up to the time of his death, a period of about ten years; that after his death his children went into possession under claim of adverse ownership, and remained in possession until after the sale in the partition suit to Mrs. J. H. Scruggs; that upon her purchase of this land Mrs. J. H. Scruggs, through her agent, went into possession of this land under claim of ownership, and in October, 1919, sold it to C. L. Hood and W. M. Owings by warranty deed; that Hood and Owings afterwards conveyed the land back to Mrs. Scruggs, and the complainant avers on information and belief that Mrs. Scruggs and her immediate vendors were in the possession of the land up to and at the time Mrs. Scruggs sold the land to the complainant, and that complainant has been in the possession since; that B. T. Clark had record notice of this land being the land which

he had carved out for and given to Lusby, and had knowledge of the adverse possession; that on May 4, 1923, Mrs. J. H. Scruggs executed a voluntary deed to B. T. Clark, conveying this land to him on a recital in the deed that it was done in order to correct a mistake; that the complainants are informed and believe that the mistake claimed to have been made consists in the chancery commissioners' deed which recites that the land in question was known as the J. W. Lusby estate land; that the partition proceedings should have dealt with the South half of the Northeast quarter of the Northeast quarter, and the Southeast quarter of the Northeast quarter, and the Northeast quarter of the Southeast quarter of Section 15, Township 12, Range 7, because that was the J. W. Lusby estate land, when this land was not owned by J. W. Lusby and wife, and was not conveyed to Clark & Co. by Lusby while the *locus in quo* was, and was specifically described and partited by the chancery decree in suit No. 5674; and avers that, there being no mistake to correct, this deed from Mrs. J. H. Scruggs to B. T. Clark conveyed no title, and is a cloud on the title of complainant. It is further alleged that Mrs. Scruggs died in September, 1923, leaving a last will and testament, by which she made Tom Fite Paine her executor, and devised to Capt. Geo. C. Paine all of her lands, which vests the legal title in the *locus in quo* in Capt. Geo. C. Paine. It is further alleged that the complainant on November 21, 1922, borrowed from Capt. Geo. C. Paine one thousand dollars, of which moneys one hundred and seventy dollars was applied as a credit on the purchase money of the land in suit, and to secure this loan complainant executed a deed of trust on the lands in this suit and certain other lands, and offers to pay the amount due and comply with the terms of the contract made between the complainant and Geo. C. Paine. It is further alleged that the complainant went to a good deal of expense, buying live stock and wagons and clearing said lands, and made certain contracts for sale of certain timber, and was busily engaged in carrying

out said contracts when B. T. Clark caused him to be arrested in certain criminal proceedings by which he was compelled to stop, and lost the contract and crops, etc., and that in addition to actual damage B. T. Clark was liable to punitive damages for malicious prosecution and false imprisonment, and prays for personal process for B. T. Clark, etc.

There was a demurrer by B. T. Clark to the bill which was sustained, and the complainant declined to plead further against B. T. Clark, and final judgment was entered dismissing the bill as to B. T. Clark, from which judgment this appeal is prosecuted.

It is insisted by the appellant that the bill states a good cause of action against B. T. Clark, and that under the averments of the bill a contract signed by Geo. C. Paine above set out was the contract of Mrs. Scruggs on the theory that Paine was the undisclosed agent of Mrs. Scruggs in making said contract. The bill does not pray for a reformation of this contract, and we think does not contain sufficient averments to constitute George C. Paine an undisclosed agent of Mrs. Scruggs. It is not alleged that Mrs. Scruggs received the money paid to Paine as part of the purchase money for this land, nor that the contract was for her benefit, nor that she had authorized Paine to make such contract for her. The contract on its face purports to be a contract of George C. Paine, individually. He obligates to bind himself, his heirs, and executors to make the deed. There is nothing in the deed to suggest that he was acting for Mrs. Scruggs in making the contract, and the deed nowhere shows any fact from which such inference could be drawn. If as a matter of fact Paine was the agent of Mrs. Scruggs, and had authority to make the contract, these matters should be specifically set forth so as to show the agency or to show knowledge and ratification if Paine was not authorized in advance to make the contract.

This being true, and the bill being insufficient, it is not necessary now to decide whether an agent can bind his

135 Miss.—44.

principal by making a contract in his own name without disclosing his agency, and without having anything in the contract showing it was the contract of his principal. The judgment will therefore be affirmed.

*Affirmed.*